NOTE: CHANGES MADE BY THE COURT

Sean A. Commons (SBN 217603)
scommons@sidley.com
Sidley Austin LLP
555 West Fifth Street
Los Angeles, California 90013-1010
Telephone:   (213) 896-6000
Facsimile:    (213) 896-6600

Eric S. Mattson (admitted *pro hac vice*)
emattson@sidley.com
Michael C. Andolina (admitted *pro hac vice*)
mandolina@sidley.com
Kelly Albinak Kribs (admitted *pro hac vice*)
kkribs@sidley.com
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel:   (312) 853-7000
Fax:   (312) 853-7036

Attorneys for Defendant
American Honda Motor Co., Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL E. FISHER, on behalf of
himself and all others similarly situated,

          Plaintiff,

     vs.

AMERICAN HONDA MOTOR CO.,
INC.,

          Defendant.

Case No. 13-cv-9285 JAK (PLAx)

**PROTECTIVE ORDER**

     The parties to this Agreed Confidentiality Order have agreed to the terms of this
Order; accordingly, it is ORDERED:

**[Proposed] Protective Order**

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly from those documents (collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

**3. Designation.**

**(a)** A party—including any third party that produces documents in response to a discovery request, subpoena, or Court order in this action—may designate a document as Confidential Information by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean the document has any status or protection by statute or otherwise except to the extent and

for the purposes of this Order. Any copies of documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of marked documents and do not otherwise disclose the substance of the Confidential Information need not be marked.

**(b)** The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

**4. Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the 14th day after the transcript is delivered. During this time, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court or agreed by the parties.

**5. Protection of Confidential Material.**

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeals. Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these

requirements, the following categories of persons may be allowed to review Confidential Information:

> **(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

> **(2) Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation;

> **(3) The Court and its personnel.**

> **(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

> **(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

> **(6) Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

> **(7) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

> **(8) Author or recipient.** The author or recipient of the document (not including persons who received the document in the course of litigation); and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

**6. Inadvertent Production.**

**(a)** To the maximum extent permitted by law, the undersigned agree, and the Court orders, that the production of documents by parties and non-parties shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) regarding the inadvertent production of material protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law ("Privileged Material").

**(b)** The procedure set forth below is intended to reduce the time and expense of an initial review for privilege (including any privilege or protection from disclosure recognized under applicable law) and work product protection by providing the producing party or any other party or non-party purporting to hold a privilege with an efficient method for retrieving or "clawing back" inadvertently produced Privileged Material, subject to resolution of any dispute over the privileged or protected status of the Privileged Material, and for foreclosing any arguments of waiver, subject to the procedures outlined below for bringing disputed claims to the Court for resolution.

**(c)** If a producing party, or any other party or non-party purporting to hold a privilege, has a good faith belief that Privileged Material has been inadvertently produced, it shall promptly notify the receiving parties of the claim of privilege or protection. In connection with this provision, the parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of Privileged Material, including their obligation to promptly notify the Producing Party in appropriate circumstances.

1     **(d)** Upon receipt of a notice claiming that a document is or includes Privileged

2     Material, all other parties (regardless of whether they agree with the claim of privilege

3     or work-product protection) shall promptly:

4               **(1)** use reasonable efforts to destroy or sequester all copies of the

5               inadvertently produced documents or material in their possession,

6               custody, or control, and notify the producing party, or any other party or

7               non-party purporting to hold a privilege, that they have done so; and

8               **(2)** notify the producing party that they have

9               taken reasonable steps to retrieve and destroy or sequester the

10              inadvertently produced documents or material from other persons, if any, to

11              whom such documents or material have been provided, consistent with Rule 26

12              (b)(5)(B).

13    **(e)** To the extent a receiving party disputes the claim of privilege or work-

14    product protection, the disputing party shall notify the producing party, or any other

15    party or non-party purporting to hold a privilege, of its position within seven days of

16    receiving the notice (the "Dispute Notification"). Within seven days of receiving the

17    Dispute Notification, the producing party, or any other party or non-party purporting

18    to hold a privilege, shall either withdraw its claim of privilege or confer with the

19    disputing party in an effort to resolve their disagreement. If the disagreement is not

20    resolved, the producing party, or any other party or non-party purporting to hold a

21    privilege, and the Disputing Party shall cooperate in presenting the dispute to the

22    Court in a manner consistent with the local rules.  **See Local Rule 37.**

23    **(f)** Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged

24    Material in this proceeding shall not constitute a waiver of any applicable privilege,

25    protection, or prohibition from disclosure of that Privileged Material in any other

26    federal or state proceeding.

27

28

---

**7. Deposition Procedures for Inadvertently Produced Documents.** If, during a deposition, a party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege or work-product protection, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) consistent with Federal Rule of Civil Procedure 30(c)(2), instruct the witness not to answer questions about the document pending a prompt resolution of any disagreement over the document's privileged or protected status. If the party allows the examination about the document to proceed on a non-waiver basis, the parties shall sequester all copies of the purportedly privileged or protected document. Immediately after the deposition, the parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection.

**8. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**9. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with Local Rule 79-5.1. **Good cause for the under seal filing must be shown.**

**10. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within seven days.

**(b) Judicial Intervention.** A party that elects to challenge a confidentiality designation may file a motion **pursuant to Local Rule 37** that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information.

**11. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion, **pursuant to Local Rule 37**. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders about the disclosure of documents produced in discovery or at trial.

**12. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without

1  disclosing the Confidential Information. The Court may thereafter make such orders
2  as are necessary to govern the use of such documents or information at trial.

3  **13. Confidential Information Subpoenaed or Ordered Produced in Other**
4  **Litigation.**

5  **(a)** If a receiving party is served with a subpoena or other document that would
6  compel disclosure of Confidential Information, the receiving party must so notify the
7  designating party, in writing, promptly and in no event more than three days after
8  receiving the subpoena or order. The notification must include a copy of the subpoena
9  or other document.

10  **(b)** The receiving party also must promptly inform in writing the party who
11  caused the subpoena or other document to issue that some or all of the material
12  covered by the subpoena or other document is the subject of this Order. In addition,
13  the receiving party must promptly deliver a copy of this Order to the party that caused
14  the subpoena or other document to issue.

15  **(c)** The purpose of these duties is to alert the interested persons to the existence
16  of this Order and to afford the designating party in this case an opportunity to try to
17  protect its Confidential Information in the court or other forum from which the
18  subpoena or other document issued. The designating party shall bear the burden and
19  the expense of seeking protection of its Confidential Information, and nothing in these
20  provisions should be construed as authorizing or encouraging a receiving party in this
21  action to disobey a lawful directive from another court or other lawful authority. The
22  obligations in this paragraph remain in effect while the party has in its possession,
23  custody, or control Confidential Information produced in this case.

24  **14. Challenges by Members of the Public to Sealing Orders.** A party or
25  interested member of the public has a right to challenge the sealing of particular
26  documents that have been filed under seal, and the party asserting confidentiality will
27  have the burden of demonstrating the propriety of filing under seal.

28

**15. Obligations on Conclusion of Litigation.**

**(a)** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order by the designating party, including copies as defined in ¶ 3(a), shall be returned to the producing party or destroyed (with the receiving party certifying the destruction in writing) unless the document has been admitted into evidence or filed without restriction as to disclosure. Notwithstanding the above requirements, counsel may retain attorney work product, including an index that refers to Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

**(c) Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**16. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**17. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order shall be construed as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until the Court rules on a specific document or issue.

1      **18. Persons Bound.** This Order shall take effect when entered and shall be

2   binding upon all counsel of record and their law firms, the parties, and persons made

3   subject to this Order by its terms.

4      **SO ORDERED.**

5      Dated:   May 29, 2014

6      _____
       The Honorable Paul L. Abrams
       United States Magistrate Judge

7   **WE SO MOVE**

8   **and agree to abide by the**
    **terms of this Order.**

9

10

11  /s/ *Eric S. Mattson*                       /s/ *Bryan L. Clobes*
    Counsel for American Honda Motor Co., Inc.   Counsel for Plaintiff

12

13  Eric S. Mattson                             Bryan L. Clobes
    Michael C. Andolina                         Cafferty Clobes Meriwether &
14  Kelly Albinak Kribs                          Sprengel LLP
    Sidley Austin LLP                           1101 Market St., Suite 2650
15  One South Dearborn Street                   Philadelphia, PA 19107
    Chicago, IL 60603                           (215) 864-2800 (Tel.)
16  (312) 853-7000 (Tel.)                       (215) 864-2810 (Fax)
    (312) 853-7036 (Fax)                        bclobes@caffertyclobes.com
17  emattson@sidley.com
    mandolina@sidley.com
18  kkribs@sidley.com

19
    Sean A. Commons (SBN 217603)                Raymond P. Boucher (SBN 115364)
20  Sidley Austin LLP                           Khorrami Boucher Sumner
    555 West Fifth Street                       Sanguinetti LLP
21  Los Angeles, California 90013               444 S. Flower St., 33rd Floor
    (213) 896-6000 (Tel.)                       Los Angeles, California 90071
22  (213) 896-6600 (Fax)                        (213) 596-6000 (Tel.)
    scommons@sidley.com                         (213) 596-6010 (Fax)
23                                              rboucher@kbsslaw.com

24

25

26

27

28